## BOOKER et al. v. ROCHELLE et al.

Circuit Court of Appeals, Fifth Circuit.
January 16, 1928.

No. 5026.

**Navigable waters** ☞39(2)—**Damages are recoverable for injury to private property by unlawful change in course of navigable river (33 USCA § 403).**

Damages are recoverable for injury to property caused directly by an unauthorized change in the channel of a navigable river, in violation of Act March 3, 1899, § 10 (33 USCA § 403; Comp. St. § 9910).

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action at law by E. M. Rochelle and others against T. F. Booker and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Wm. H. Arnold, Wm. H. Arnold, Jr., and David C. Arnold, all of Texarkana, Ark., for plaintiffs in error.

Rollin W. Rodgers, of Texarkana, Tex. (W. T. Williams, of Austin, Tex., and Rodgers & Rodgers, of Texarkana, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. In 1923 the Red river cut a new channel across a bend in the old channel and washed away about 100 acres of plaintiffs' land, that lay just below and on the opposite side of the river from the new channel. Plaintiffs alleged that defendants cut a ditch across the bend and thus caused the river to change its course, that the river was navigable at the point where the course of its channel was changed, and that defendants acted without authority from the Secretary of War, in violation of section 10 of the Act of Congress of March 3, 1899, 30 Stat. 1151 (33 USCA § 403; U. S. Comp. St. § 9910).

The defendants owned the land in the bend of the river. They denied that they authorized the ditch to be cut; but there was abundant evidence offered by the plaintiffs to support the inference, not only that the ditch was authorized to be cut by defendants, but also that it was sufficient to cause the river to change its course. There is no question but that the cutting of the new channel was the efficient cause of the damage to the land of plaintiffs. The evidence was also sufficient to show that the portion of the river involved was a navigable waterway. The plaintiffs recovered a verdict for $2,100, upon which judgment was duly entered.

The principal assignment of error is that the trial court erred in refusing to direct a verdict in favor of defendants; but it is without merit, because the evidence on the issues involved was in substantial conflict. A charge given by the court is also assigned as error, but it was not excepted to, and so is not properly presented for consideration. It is also contended that evidence admitted over objection as to the navigability of the river was immaterial, and should have been excluded. Although plaintiffs might have relied upon a tort at common law, they chose not to do so, but to allege that the river was navigable, so as to show that the act complained of was unlawful, in that it was in violation of a positive statute. A good cause of action was alleged. 26 R. C. L. 757. And the evidence objected to was necessary to sustain it.

Error is not made to appear by any of the assignments, and the judgment is affirmed.