UNITED STATES of America and the
City of Dallas, Texas,
Plaintiffs,

v.

The CITY OF IRVING, TEXAS,
Defendant.

Civ. A. No. CA-3-78-0617-D.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 29, 1979.

Claude Brown, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff United States.

Analeslie Muncy, Dallas, Tex., for plaintiff City of Dallas.

Mike McKool, Jr., and R. Hunter Summers, of Hewett, Johnson, Swanson & Barbee, Dallas, Tex., for plaintiff-intervenors.

Robert Smith and W. Kyle Gooch, of Smith, Smith, Dunlap & Canterbury, Dallas, Tex., and Donald Rorschach, Irving, Tex., for defendant.

## ORDER

ROBERT M. HILL, District Judge.

Came on for consideration the Motion to Dismiss of defendant City of Irving ("Irving") and the Motion to Intervene as Plaintiffs of Atlas Metal Works, Inc., H. R. Bright, Brookhollow Corporation, Trammel Crow, East Texas Motor Freight Lines, Inc., Industrial Properties Corporation, John M. Stemmons, Hercules Thomas, and the Reverend T. L. Young ("Intervenors").

Plaintiffs United States and City of Dallas ("Dallas") allege that Irving's landfill operations violate 33 U.S.C. § 701c (1970) ("Section 701c") and the applicable federal regulations, 33 C.F.R. §§ 208.10(a)–(h) (1978) ("regulations"), and 33 U.S.C. § 408 (1970) ("Section 408"). Dallas also alleges that Irving's operations constitute a nui-

sance under Texas law. Irving moves to dismiss all of plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

After hearing the argument of counsel on Irving's Motion to Dismiss and reviewing the parties' briefs on both motions, the Court is of the opinion that Irving's Motion to Dismiss should be denied except with respect to Dallas' cause of action under Section 701c and that the Motion to Intervene should be granted.

### Motion to Dismiss

■ Irving's Motion to Dismiss plaintiffs' claims under Section 701c and the regulations raises infrequently litigated issues. Neither the parties nor the Court have found any reported decision that delineates the authority of the United States or a municipality to enforce Section 701c and the regulations. Nevertheless, an analysis of the relevant regulatory scheme compels the Court to imply a cause of action under Section 701c and the regulations in favor of the United States. Section 701c requires only that political subdivisions, such as Dallas and Irving, give "assurances satisfactory to the Secretary of the Army that they will . . . maintain and operate all the [flood] works after completion in accordance with regulations prescribed by the Secretary of the Army" before the federal government spends any money on the works' construction. The regulations then involve both local and federal officials in the maintenance of the floodworks. For example, the regulations require political subdivisions to appoint a "permanent committee headed by [a] permanent committee . . . 'Superintendent, who shall be responsible for the development and maintenance of, and directly in charge of, an organization responsible for the efficient operation and maintenance of all the struc-

tures and facilities . . . and for continuous inspection of the project works. . . . ." 33 C.F.R. § 208.10(a)(2). The regulations then provide for continuous contact between the Superintendent and federal officials. See 33 C.F.R. §§ 208.10(a)(5) to (8) and 208.10(a)(10). The Court holds that the United States must be empowered to sue for alleged violations of Section 701c and the regulations because these provisions envision ongoing federal oversight. *Compare United States v. City of Rock Island*, 230 F.Supp. 654 (S.D.Ill.1964), *aff'd* 346 F.2d 361 (7th Cir. 1965) *with U.S. v. Mattson*, 600 F.2d 1295 (9th Cir. 1979) and *U.S. v. Solomon*, 563 U.S. 1121 (4th Cir. 1977).[1]

■ However, the Court is unwilling to imply a cause of action under Section 701c and the regulations in favor of Dallas. The Court concludes that the implication of a cause of action in favor of Dallas would be inconsistent with the scheme of federal enforcement evident in the regulations. *Cf. Akers v. Resor*, 339 F.Supp. 1375 (W.D. Tenn.1972) (individuals who alleged that State's non-compliance with Section 701c injured their interest in environment had no standing to sue because Section 701c committed quality of "assurances" to federal agency's discretion) (alternative holding).

■ The Court need not dismiss Dallas as a party-plaintiff, though, because both Dallas and the United States have stated causes of action under Section 408. It is well-settled that the United States has standing to sue for alleged violations of the provisions of the Rivers and Harbors Act, 33 U.S.C. §§ 401–415 (1970). *Wyandotte Transportation Co. v. United States*, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967); *United States v. Republic Steel Corp.*, 362 U.S. 482, 80 S.Ct. 884, 4 L.Ed.2d 903 (1960); *Sanitary District of Chicago v. United States*, 266 U.S. 405, 45 S.Ct. 176, 69 L.Ed. 352 (1924); *United States v. Federal*

---

1. In light of its implication of a cause of action in favor of the United States for breach of Section 701c and the regulations, the Court need not decide whether the United States could sue Irving for breach of the 1968 agreement between Irving, Dallas, the Dallas County

Flood Control District, the City and County of Dallas Levee Improvement District, and Dallas County Levee Improvement District No. 5. *See U.S. v. Frank B. Killian Co.*, 335 F.2d 57 (6th Cir. 1964).

*Barge Lines* 573 F.2d 993 (8th Cir. 1978). Furthermore, the majority of federal courts, including the Court of Appeals for the Fifth Circuit, have implied a right of action under certain sections of the Rivers and Harbors Act in favor of parties other than the United States. *James River and Kanawha Parks, Inc. v. Richmond Metropolitan Authority,* 481 F.2d 1280 (4th Cir.), *aff'ing per curiam,* 359 F.Supp. 611 (E.D. Va.1973); *Alameda Conservation Association v. California,* 437 F.2d 1087 (9th Cir.), *cert. denied sub. nom. Leslie Salt Co. v. Alameda Conservation Association,* 402 U.S. 908, 91 S.Ct. 1380, 28 L.Ed.2d 649 (1971); *Neches Canal Co. v. Miller & Vidor Lumber Co.,* 24 F.2d 763 (5th Cir. 1928); *Booker v. Rochelle,* 23 F.2d 492 (5th Cir. 1928); *Sierra Club v. Morton,* 400 F.Supp. 610 (N.D.Cal. 1975); *Potomac River Association, Inc. v. Lundeberg Maryland Seamanship School, Inc.,* 402 F.Supp. 344 (D.Md.1975); *Sierra Club v. Leslie Salt Co.,* 354 F.Supp. 1099 (N.D.Cal.1972); *contra, Red Star Towing and Transportation Co. v. Department of Transportation of New Jersey,* 423 F.2d 104 (3d Cir. 1970); *Guthrie v. Alabama By-Products Co.,* 328 F.Supp. 1140 (N.D.Ala. 1971), *aff'd per curiam,* 456 F.2d 1294 (5th Cir. 1972), *cert. denied,* 410 U.S. 946, 93 S.Ct. 1352, 35 L.Ed.2d 613 (1973).

This Court, applying the four part test of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), holds that Dallas may maintain an action under Section 408. Dallas, as the owner and operator of levees built by the United States to prevent floods, is a member of the class for whose benefit Section 408 was enacted. Moreover, as the District Court for the Northern District of California indicated in *Sierra Club v. Morton, supra* at 623 nn. 8–9, a legislative intent to create a private right of action under the Rivers and Harbors Act may be inferred from the circumstances surrounding the Act's passage. Implication of a right of action in favor of Dallas in this case is not inconsistent with the Act's underlying purposes. Finally, the Court concludes that it is appropriate to imply a federal cause of action despite Dallas' ability to bring a nuisance suit in state court.

The Court is also satisfied that Dallas has standing to sue in the instant case. Dallas alleges that Irving's landfill operations constrict the Trinity River Channel, impair the usefulness of the Dallas Floodway Project levees, and increase the likelihood of flooding. Dallas has thus alleged sufficient "injury in fact" to withstand Irving's Motion to Dismiss. *Cf. United States v. Federal Barge Lines,* 573 F.2d 993 (8th Cir. 1978) (impairment of project works broadly defined). Furthermore, Dallas' interest in flood prevention falls squarely within the zone of interests protected by Section 408.

Finally, "[c]onsiderations of judicial economy, convenience and fairness to the litigants" dictate that the Court assume pendent jurisdiction over Dallas' nuisance claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Dallas' nuisance claim and the plaintiffs' federal claims clearly "derive from a common nucleus of operative fact" such that plaintiffs "would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. It would be manifestly unfair to subject Dallas and Irving to the risk of inconsistent adjudications by forcing them to try this nuisance claim in state court.

### Motion to Intervene

The Court is of the opinion that granting leave to intervene under Fed.R. Civ.P. 24(a) would be improper because the plaintiffs adequately protect the Intervenors' interests; however, the Court will grant the Motion to Intervene under Fed.R. Civ.P. 24(b) and will allow the Intervenors to maintain the causes of action which they have alleged under Section 408, Section 403, and state law. The Court is convinced that the Intervenors' claims present questions of law and fact in common with the plaintiffs' claims and that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. The Intervenors have consistently assured the Court that they "stand ready and willing to pro-

ceed to trial at any time and to participate in pretrial agreements to exchange information or otherwise expedite discovery." Reply Brief of Intervenors in Support of Their Motion to Intervene and Their Right to Maintain Their Federal Causes of Action at 6–7.

■ While the Court declines to imply a cause of action in favor of the Intervenors under Section 701c, the Court will imply causes of action in favor of the Intervenors under Sections 408 and 403. The Court initially doubted whether the Intervenors' interests in flood prevention and property values fell within the zone of interests protected by Section 403 and whether landowners were within the class for whose benefit Congress enacted Section 403; however, the Court of Appeals for the Fifth Circuit's decision in *Booker v. Rochelle*, supra, resolve this Court's doubts in the Intervenors' favor.

The Court will also exercise pendent jurisdiction over the Intervenors' nuisance claim.

Irving's Motion to Dismiss and the Motion to Intervene are granted in part in accordance with this opinion. The United States may maintain causes of action under Section 701c and the regulations and under Section 408. Dallas may maintain causes of action under Section 408 and state nuisance law. The Intervenors may maintain causes of action under Sections 408 and 403 and under state nuisance law as set forth above.

It is so ORDERED.